United States District Court
Southern District of Texas
**ENTERED**
August 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PRIORITY ASSIST, INC., *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-02970 |
| § | |
| STOCKARD & ASSOCIATES, INC., *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Before the Court is Defendants Stockard & Associates, Inc., ("Stockard") Nathaniel Stockard ("Nathaniel"), and Lauren Stockard's ("Lauren") (collectively, "Defendants") Motion to Dismiss or, Alternatively, for More Definite Statement ("Motion to Dismiss"). Doc. 26. Having considered the Motion, Plaintiffs' Response (Doc. 27), Defendants' Reply thereto (Doc. 28), and the applicable law, the Court concludes that Defendants' Motion should be denied.

I. **Background**

In April 2014, Plaintiffs Priority Assist, Inc. and Overseas Military Sales Corporation-OMSC Ltd. (collectively, "Priority Assist" or "Plaintiffs") hired Lauren as a Business Development Manager, and she signed written acknowledgements to protect and keep certain information confidential as a condition of her employment. Doc. 1 at ¶¶ 13–14. This information included business information, customer lists and agreements, and market share data. *Id.* at ¶ 14–16. A few months later, Lauren recommended that Priority Assist hire Stockard—a company Lauren and her husband Nathaniel own—to design and create a new website based on a concept and business strategy that Priority Assist had developed. *Id.* at ¶¶ 17–18, 28. Priority Assist accepted Lauren's recommendation and in late July, Priority Assist and Stockard entered into a written agreement for Stockard to complete the work. *Id.* at ¶¶ 19–

20. In this agreement, Stockard agreed to keep certain information confidential that it would receive from Priority Assist. *Id.* at ¶¶ 21–22.

Two weeks before the website launched, Stockard filed an assumed name certificate with the Harris County Clerk to do business under the name of "The Credit Concierge." *Id.* at ¶ 24. Stockard then created a website under "The Credit Concierge" name and began directly competing with Priority Assist. *Id.* at ¶¶ 28–29. Stockard worked on the project until the website launched on January 19, 2015. *Id.* at ¶ 23. However, one week prior to the launch, Lauren submitted her resignation letter to Priority Assist effective January 23, 2015. *Id.* at ¶ 25.

Priority Assist asserts "The Credit Concierge" site used the same trade secret and confidential information as Priority Assist's website and drove traffic away from Priority Assist. *Id.* at ¶ 28. According to Plaintiffs, this confidential information was gained by Lauren and Stockard under the terms of their confidentiality agreements. *Id.* Further, while still an employee at Priority Assist, Lauren allegedly "solicied [sic] business from one or more of Priority Assist's third party providers, dealers and/or referral sources for her own personal benefit and not for the benefit of her employer . . . without the knowledge or consent of her employer." *Id.* at ¶ 26.

As a result of Defendants' actions, Priority Assist claims it has suffered irreparable harm such as lost business, future business, and good will. *Id.* at ¶ 32. Accordingly, on October 10, 2015, Priority Assist initiated this lawsuit. Doc. 1. It asserts five claims against Defendants: (1) breach of contract against Stockard; (2) breach of contract against Lauren; (3) breach of fiduciary duty against Lauren; (4) misappropriation of trade secrets against Defendants; and (5) Lanham Act violations against Defendants. *Id.* at ¶¶ 34–47. On March 15, 2016, Defendants filed their pending Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. 26. In the alternative, Defendants move for a more definite statement under Fed. R. Civ. P. 12(e). *Id.*

## II. Legal Standards

### A. Rule 12(b)(1) Motion to Dismiss

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Halmekangas v. State Farm Fire & Cas. Co.*, 306 F.3d 290, 292 (5th Cir. 2010). It is fundamental that federal courts must establish subject-matter jurisdiction prior to reaching the substantive claims of a lawsuit. *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012). If the court lacks either the statutory or constitutional authority to adjudicate a claim, then the claim shall be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *Krim v. PcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884).

### B. Rule 12(b)(6) Motion to Dismiss

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint, viewed in the light most favorable to the plaintiff, must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining the reasonableness of such an inference is "a context-specific task that requires the . . . court to draw on its judicial experience and common sense." *Id.* at 679.

### C. Rule 12(e) Motion for More Definite Statement

Rule 12(e) states, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous and the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions are not favored and are granted sparingly. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Conceal City, LLC v. Looper Law Enforcement, LLC*, 917 F. Supp. 2d 611, 621 (N.D. Tex. 2013). The motion must be made prior to filing a responsive pleading and "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). A court should only grant a motion for more definite statement when the complaint is "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, Civ. A. No. 13-594, 2012 WL 3155224, at *2 (E.D. La. June 19, 2013). A motion for more definite statement should not be used as a substitute for discovery; it should be used as a remedy for unintelligible pleading, not for correcting a lack of detail. *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001). The court has considerable discretion in deciding whether to grant such a motion. *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 440 n.9 (5th Cir. 2010) (citing *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989)).

### III. Analysis

#### A. Rule 12(b)(1) Motion to Dismiss

Plaintiffs allege the Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1332. Doc. 1 at ¶ 6. Plaintiffs rely on Lanham Act claims for § 1331 jurisdiction. As discussed below, the Court concludes that Plaintiffs have stated valid Lanham Act claims, and the Court has federal-question jurisdiction under § 1331. As a result, the Court has supplemental

jurisdiction under § 1367 to hear the related state-law claims. *See* 28 U.S.C. § 1367.

However, even without federal-question jurisdiction, the Court has diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction exists when: (1) there is diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000.00." 28 U.S.C. § 1332; *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009)). Neither side challenges diversity of citizenship, so the Court turns to the crux of the dispute—the amount in controversy.

The amount in controversy is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Here, the parties dispute whether attorney's fees may be included in the computation of the amount in controversy. *See* Docs. 26-1 at 2–3, 8–9; 27 at ¶¶ 1, 37–46; 27-1; 28 at ¶¶ 5–6. "Attorney's fees are included in the computation of the jurisdictional amount only when they are expressly authorized under applicable state law." *Celestine*, 467 F. App'x at 319–20 (citing *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002)).

Plaintiffs, who bear the burden of establishing jurisdiction, assert that their claims for attorney's fees are expressly authorized under Tex. Civ. Prac. & Rem. Code §§ 38.001 and 134A.005. Doc. 27 at ¶ 40. Section 38.001 expressly states that "[a] person may recover reasonable attorney's fees" for certain breach of contract claims. Tex. Civ. Prac. & Rem. Code § 38.001. Section 134A.005 likewise authorizes "reasonable attorney's fees to the prevailing party" for certain misappropriation of trade secret claims. *Id.* § 134A.005. At this juncture, the Court need not decide the merit of Plaintiffs' breach of contract or misappropriation of trade secret claims. It is enough that Plaintiffs have cited to state statutes that authorize attorney's fees for these claims. *See Grant*, 309 F.3d at 874 ("[A]ttorney's fees are includable when the state

statute allowing cost shifting expressly defines the allowable expenses of litigation to include attorney's fees, especially when the plaintiffs expressly pray for recovery of costs."). Considering the expected attorney's fees in this case brings Plaintiffs within the amount of controversy requirement for diversity jurisdiction. Accordingly, this Court also has jurisdiction under 28 U.S.C. § 1332.

### B. Rule 12(b)(6) Motion to Dismiss

Defendants argue that Plaintiffs fail to state a claim upon which relief may be granted for alleged Lanham Act violations because they fail to plead requisite elements and supporting facts of the following claims: (1) false designation of origin; (2) false advertising; (3) trade dress; (4) dilution of trademark; and (5) willful infringement. Doc. 26 at 1–3. Plaintiffs counter, stating that "[a] complaint is not required to include detailed factual allegations, but is only required to set out a plausible claim for relief." Doc. 27 at ¶ 26 (citing *Bell Atlantic Corp. v. Twombly*, 556 U.S. 662 (2007)). Pointing to the original complaint, Plaintiffs claim they are only asserting Lanham Act claims for false designation of origin under 15 U.S.C. § 1125(a)(1) and willful infringement and statutory damages under 15 U.S.C. § 1117(a). Doc. 1 at ¶¶ 44–47. Because Defendants' Motion to Dismiss attacks claims that Plaintiffs have not asserted, the Court will ignore those arguments and only address the sufficiency of the claims actually alleged in the complaint.

#### i. False Designation of Origin Claim

False designation of origin claims are governed by Section 43 of the Lanham Act, 15 U.S.C. § 1125(a). The required elements of a false designation of origin claim are: (1) the defendant made a misleading statement of fact about its product or service's origin; (2) the statement actually deceived a substantial segment of its audience; (3) the deception was material,

in that it tended to influence purchasing decisions; (4) the defendant caused the false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result. *Decorative Ctr. of Hous., L.P. v. Direct Response Publ'ns, Inc.*, 208 F. Supp. 2d 719, 730 (S.D. Tex. 2002).

Plaintiffs argue they have met their burden with the facts outlined in the complaint. *See* Doc. 27 at ¶¶ 47–53. More specifically, Plaintiffs assert that "Defendants were using Plaintiffs' trade name of 'International Auto Source' at the same time they were wrongfully using Plaintiffs' concept on their competing website to divert business to themselves." *Id.* at ¶ 47. Plaintiffs also aver that Defendants' "website included combinations of words and symbols which were tied to various services identical to those found on Plaintiffs' website and which were based on the same concept set out in Plaintiffs' website." Doc. 1 at ¶ 45. Plaintiffs further allege that "Lauren Stockard also utilized a LinkedIn profile on the Internet which listed her as being affiliated with 'International Auto Source' when she was no longer employed by Priority Assist, and Plaintiffs received various inquiries from their business network which demonstrated actual confusion on their part as to the status of Lauren Stockard's connection to Plaintiffs." *Id.* Plaintiffs claim this caused injury to them by lost business, future business, and good will. *Id.* at ¶ 32. Based on these allegations, the court determines that Plaintiffs have alleged sufficient facts that, if true, would establish a claim for false designation of origin. Accordingly, the court denies Defendants' Motion to Dismiss as to Plaintiffs' false designation of origin claim.

  ii. *Willful Infringement and Statutory Damages*

Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), states, in relevant part, that when a plaintiff establishes a violation under § 1125(a) he is entitled to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." Because Plaintiffs'

claim for false designation of origin arises under § 1125(a), they are entitled to seek damages under § 1117(a). Therefore, the court denies Defendants' Motion to Dismiss as to Plaintiffs' request for statutory damages under the Lanham Act.

   iii. *State Law Claims*

Plaintiffs bring multiple state-law claims against Defendants, including two breach of contract claims, a breach of fiduciary duty claim, and a misappropriation of trade secrets claim. Doc. 27 at ¶ 27; *see also* Doc. 1 at ¶¶ 34–43. Defendants move to dismiss the breach of fiduciary duty and misappropriation of trade secrets claims. Doc. 26 at 4.

   a. Trade Secret Misappropriation

"Trade secret misappropriation under Texas law is established by showing: (a) a trade secret existed; (b) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and (c) use of the trade secret without authorization from the plaintiff." *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 600 (5th Cir. 2015). A trade secret is defined as "information, including a formula, pattern, compilation, program, device, method, technique, process, financial data, or list of actual or potential customers or suppliers, that: (A) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (B) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Tex. Civ. Prac. & Rem. Code § 134A.002(6).

Defendants argue Plaintiffs fail to allege the existence of a trade secret. Doc. 26-1 at 10. However, the Court finds that Plaintiffs have specified what is plausibly a trade secret as defined in § 134A.002(6) because Plaintiffs assert that the information that is their alleged trade secret includes business information, customer lists and agreements, and market share data. Doc. 1 at

¶¶ 10, 15–16, 20.  Further, Defendants allegedly acquired this trade secret through a breach of a confidential relationship and used this information without permission.  *See generally* Doc. 1.  Plaintiffs have stated a claim for trade secret misappropriation.

### b.  Breach of Fiduciary Duty

The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) breach of this duty; and (3) injury to the plaintiff or benefit to the defendant.  *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 169 (5th Cir. 2010).  Defendants contend that the complaint makes no reference to any recognized basis for a formal or informal fiduciary relationship between Plaintiffs and Lauren.  Doc. 26-1 at 11.  However, as Plaintiffs point out in their reply, there are specific rules that govern when an employee intends to compete with his employer.  *See* Doc. 27 at ¶ 28.  As the Texas Supreme Court has stated:

> An at-will employee may properly plan to go into competition with his employer and may take active steps to do so while still employed . . . . *There are, however, certain limitations on the conduct of an employee who plans to compete with his employer.*  He may not appropriate his employer's trade secrets . . . . He may not solicit his employer's customers while still working for his employer . . . and he may not carry away certain information, such as lists of customers . . . . Of course, such a person may not act for his future interests at the expense of his employer by using the employer's funds or employees for personal gain or by a course of conduct designed to hurt the employer.

*Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 201–02 (Tex. 2002) (emphasis added).

During their employment, employees owe a fiduciary duty to their employers and are obligated to act in their employers' interests.  *Id.*  Here, Plaintiffs allege that Lauren was an employee of theirs and her actions, such as appropriating trade secrets and soliciting Priority Assist's customers, caused injury to them by lost business, future business, and good will.  Doc. 1 at ¶ 32.  Accordingly, the necessary facts to support a breach of fiduciary claim can be found in

the complaint.

### C.  Rule 12(e) Motion for More Definite Statement

As discussed in the context of Defendant's 12(b)(6) motion above, the Court finds that the complaint is not "so excessively vague and ambiguous to be unintelligible." *Phillips*, 2012 WL 3155224 at *2.  The Court was able to ascertain the facts and elements of each claim. Therefore, there is no need for Plaintiffs to file a more definite statement.

## IV.  Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss or, Alternatively, for a More Definite Statement (Doc. 26) is **DENIED**.

SIGNED at Houston, Texas, this 24th day of August, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE